UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**RED DOOR LOUNGE, INC.,**

Debtor.

Case No. **15-61151-11**

## MEMORANDUM OF DECISION

At Butte in said District this 12th day of February, 2016.

After due notice, the Court held a hearing at Great Falls in this Chapter 11 case on February 5, 2016, on the Acting United States Trustee's ("UST") Objection (Document No. 14) to the amended Application to Approve Employment of Professional (Doc. 9) filed by Debtor's selected attorney James A. Patten ("Patten") and the Patten, Peterman, Bekkedahl & Green law firm. Patten appeared at the hearing for the Debtor. The UST was represented by attorney Neal G. Jensen ("Jensen"). No exhibits were admitted into evidence. Patten and attorney Doug James each made statements to the Court under penalty of perjury regarding hourly rates for paralegals charged by Patten's law firm, and by other law firms in this district and other jurisdictions. A "Stipulated Statement of Facts" (Doc. 20) signed by Patten and by Jensen for the UST was filed on February 3, 2015, which lists hourly rates fro paralegals charged by law firms in Billings, Great Falls, Bozeman, Kalispell, Missoula, and Helena. After the Court heard argument of counsel, the Court deemed the matter submitted and took it under advisement. After review of the amended Application, UST's Objection, the Stipulated Statement of Facts, the record and applicable law, for the reasons set forth below the Court approves Debtor's amended Application

1

and hourly rates for paralegal fees, subject to this Court's independent review for reasonableness at such time as Patten files any applications for compensation of professionals in this case.

This Court has exclusive jurisdiction of this Chapter 11 bankruptcy case under 28 U.S.C. § 1334(a). Debtor's amended Application to Approve Employment of Professional is a core proceeding under 28 U.S.C. § 157(b)(2).

No factual disputes exist. On December 10, 2015, Patten filed on behalf of the above-named Debtor a voluntary Chapter 11 bankruptcy petition, along with an application to approve employment of Patten and his law firm Patten, Peterman, Bekkedahl & Green as Debtor's counsel. On December 24, 2015, Patten filed Debtor's amended Application (Doc. 9) to employ Patten and his firm. The amended Application discloses Patten's hourly billing rate as $330.00, and hourly rates for other attorneys at their customary rates ranging from $175.00 to $330.00 per hour. Also disclosed are hourly rates for paralegals Diane S. Kephart ("Kephart") at $160.00; April J. Boucher ("Boucher"), Valerie Cox ("Cox") and Phyllis Dahl ("Dahl") at $125.00; and $110.00 per hour for Leanne Beatty ("Beatty").

The UST filed its Objection on December 29, 2015, on the grounds that Patten should be required to satisfy the burden of establishing the reasonableness of his firm's billing rates for paralegals as professionals under 11 U.S.C. § 330(a)(1)(A). In addition, the UST raised the representation by Patten's firm of First Interstate Bank, which is listed as a secured creditor with a claim in the amount of $683,102.00, and requested that Patten confirm that nothing in his firm's retention agreements with First Interstate Bank prohibits Patten from bringing adverse actions against the bank if required to do so in this case.

At the hearing Jensen clarified that the UST does not object to the $330 hourly billing

rate of Patten or the hourly billing rates of other attorneys in his firm. In addition, Jensen stated that the UST is satisfied[1] that nothing prevents Patten from bringing suit against First Interstate Bank if necessary, despite his firm's representation of First Interstate Bank in other unrelated cases and proceedings; the conflict issue in the UST's Objection is resolved.

The remaining issue is the hourly billing rates for Patten's paralegals, which range from $160 per hour for Kephart, $125 for Boucher, Cox and Dahl, and $110 for Beatty. Jensen argued that paralegal fees should not be treated as a profit center, and he suggested that $100 is a reasonable hourly rate for paralegals.

Patten testified that Kephart is an accountant with specialized skills who his law firm uses primarily for the specialized practice of preparing gift tax returns and estate tax returns, and that his firm bills her at the higher $160 hourly rate because of her specialized practice. Patten stated that his use of Kephart in bankruptcy cases in the past was mostly for help in preparing monthly operating reports. More recently, however, at the request of other attorneys in his firm Patten stated that he no longer uses Kephart for anything in bankruptcy cases, except possibly in an emergency when no other paralegal is available.

Patten stated that if he did not use his paralegals, he would have to perform the work himself and bill it at $330 per hour, or another attorney would have to perform it and bill the attorney's hourly rate. Patten stated that his firm has billed the same hourly paralegal rates requested in its amended Application in ten other Chapter 11 cases and three Chapter 13 cases, and that this Court approved those billing rates.

---

[1] Patten informed the Court that in the event First Interstate Bank is a creditor he obtains signed written waivers of conflict from both First Interstate Bank and the Debtor client.

Doug James is a bankruptcy practitioner in Billings. He testified that his firm charges higher paralegal rates that Patten charges, including a $135 hourly paralegal rate which James billed and had approved in another jurisdiction, and that historically paralegals are not profit centers.

The "Stipulated Statement of Facts" (Doc. 20) includes a list of hourly rates billed for paralegals by 24 bankruptcy and non-bankruptcy law firms located in Billings, Great Falls, Missoula, Bozeman, Kalispell, and Helena. The lowest listed hourly paralegal billing rate is $45 by a Billings firm. The highest hourly billing rate is $190, also by a Billings firm. Three firms from Missoula, Billings and Helena list a $125 hourly billing rate.

## DISCUSSION

Under § 330(a)(1)(A) the Court, after notice and a hearing, and subject to other sections, "may award to a trustee, a consumer privacy ombudsman appointed under section 332, and examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person."

In 2003 this Court entered a Memorandum of Decision concerning the UST's objection to hourly rates charged by a law firm with a national bankruptcy practice. In that case, *In re Jore Corporation,* 20 Mont. B.R. 158 (Bankr. D. Mont. 2003), the law firm included hourly rates for paralegals of $170. *Id.* at 160. This Court quoted extensively from *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 848-850, 855-56 (3rd Cir. 1994). 20 Mont. B.R. at 164-166. The result was the Court departed from application of any locality rule for hourly fees and adopted a

market approach for establishing reasonable compensation for actual and necessary services. *Jore*, 20 Mont. B.R. at 167. The Court overruled the objections and approved the applications to employ attorneys, including the $170 hourly billing rate in 2003, subject to this Court reviewing the magnitude of compensation requested after a fee application is submitted. *Id.* at 167, 169. *Jore* remains good law in this district.

Based on Patten's amended Application, the Stipulated Statement of Facts, and sworn statements of Patten and Doug James, the Court deems that an approach similar to the approach followed in *Jore* is appropriate in the instant case. Jensen stated that the UST has no objection to the attorney hourly billing rates requested by Patten's firm. All of the paralegal hourly rates proposed by Patten are within the range of hourly rates shown in the Stipulated Statement of Facts, and all are less than the $170 hourly paralegal rate approved by this Court in *Jore* in 2003.

No dispute exists about Patten's specialized practice in bankruptcy. No dispute exists about Kephart's specialized practice justifying her $160 hourly rate or about Patten's statement that he does not use Kephart in bankruptcy cases anymore at the request of his partners. Likewise the $125 and $110 hourly rates for Patten's other paralegals are within the range of rates on the Stipulated Statements of Fact and are less than the approved rates in *Jore*. The UST offered no evidence supporting Jensen's argument that $100 is the preferred reasonable hourly rate for paralegals. As in *Jore*, this Court will review the magnitude of any compensation requested by Patten after a fee application is submitted for actual, necessary services reasonably likely to benefit the estate. *Jore*, 20 Mont. B.R. at 167, 169.

**IT IS ORDERED** a separate Order shall be entered overruling the UST's Objection, and approving Debtor's amended Application to Approve Employment of Patten and the Patten,

Peterman, Bekkedahl & Green law firm (Doc. 9), subject to this Court's review and approval of any future fee and expense applications.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge